FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 7/9/2025 8:05 PM
Kristen R Bayer

## IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
## WILLIAMSON COUNTY, ILLINOIS

| | | |
|---|---|---|
| **MICHAEL PHELPS and KALEIGH WILKERSON** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | NO.  2025LA82 |
| | ) | |
| **THE CITY OF MARION, ILLINOIS,** | ) | |
| **WILLIAMSON COUNTY, ILLINOIS** | ) | |
| **JEFF DIEDERICH, JESSE THOMPSON,** | ) | |
| **NICHOLAS KELTNER, ALEX JIMINEZ,** | ) | |
| **JAIRIAH ROBERTS, DARREN FERRELL,** | ) | |
| **DUSTIN KELLY, and** | ) | |
| **KRESHAWN KNIGHT.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

This is a civil rights action under 42 U.S.C. § 1983 of the United States Code commenced by the Plaintiffs, both residents of the State of Colorado, for the violation of his United States Constitutional rights by the Defendants, the City of Marion, Illinois, Williamson County, Illinois, Jeff Diederich, Jesse Thompson, Nicholas Keltner, Alex Jiminez, Jairiah Roberts, and the final defendants whose last names are Kreshawn Knight, Darren Ferrell, and Dustin Kelly.  More specifically, suit is filed for false arrest of the Plaintiffs without probable cause under both federal and Illinois State Law, and the illegal search of their vehicle without probable cause.  The City of Marion is also being sued for conversion.   Plaintiffs seek compensatory damages, punitive damages, attorney fees, and a trial by jury.

### JURISDICTION AND VENUE

1

**EXHIBIT A**

1.   This Court has jurisdiction over this suit brought under  42 U.S.C. §§ 1983 and 1988. Although part of claims sought are based upon violations of federal law, this Court has jurisdiction to enforce such claims.  A related claim is brought under Illinois common law for false arrest.

2.   Venue lies in this Court because all of the acts complained of herein arose in Williamson County, Illinois..

### THE PARTIES

3.   Plaintiff, Kaleigh Wilkerson, is a resident of Colorado Springs, Colorado.

4.   Plaintiff, Michael Phelps, is also a resident of Colorado Springs, Colorado.

5.   At all times alleged herein Wilkerson and Phelps were in a romantic, boyfriend and girlfriend, relationship.

6.   Defendant, the City of Marion, Illinois, is a municipal corporation, created and duly promulgated by the State of Illinois.  The City of Marion, Illinois, is a body politic incorporate and as such can sue and be sued.

7.   Defendant, the Williamson County, Illinois, a County government which has been created and duly promulgated by the State of Illinois.  Williamson County, Illinois, is a body politic incorporate and as such can sue and be sued.

8.   Defendant Jeff Diederich is and was at the time of the events alleged herein the Sheriff of Williamson County, Illinois, and as such is the chief policy and law maker for the Williamson County Sheriff's Department.   At all times alleged herein Diederich was acting under the color of state law.  Diederich is being sued in his individual capacity.

9.   Defendant Jesse Thompson is and was at all relevant times a police officer working

2

for the City of Marion, Illinois.   At all times alleged herein Thompson was acting under the color of state law.  Thompson is being sued in his individual capacity.

10.   Defendant Nicholas Keltner is and was at all relevant times a police officer working for the City of Marion, Illinois.   At all times alleged herein Keltner was acting under the color of state law.  Thompson is being sued in his individual capacity.

11.   Defendant Alex Jiminez was at all relevant times a police officer working for the City of Marion, Illinois.   At all times alleged herein Jiminez was acting under the color of state law.  Jiminez is being sued in his individual capacity.

12.   Defendant Jairiah Roberts was at all relevant times a police officer working for the City of Marion, Illinois.   At all times alleged herein Roberts was acting under the color of state law.  Roberts is being sued in his individual capacity.

13.    Defendant Kreshawn Knight was at all relevant times an employee of the Williamson County Sheriff's Department.  He reported directly to Defendant Diederich.   At all times alleged herein Knight was acting under the color of state law.  Knight is being sued in his individual capacity.

14.   Defendant Ferrell was at all relevant times an employee of the Williamson County Sheriff's Department.  He reported directly to Defendant Diederich.   At all times alleged herein Ferrell was acting under the color of state law.  Ferrell is being sued in his individual capacity.

15.   Defendant Kelly was at all relevant times an employee of the Williamson County Sheriff's Department.  He reported directly to Defendant Diederich.   At all times alleged herein Kelly was acting under the color of state law.  Kelly is being sued in his individual capacity.

**FACTS COMMON TO ALL COUNTS**

3

16.  On July 10, 2024, Plaintiffs were driving through Marion, Illinois, heading back to Colorado, their place of residence in Colorado.  Their intent while driving through Marion was to stop at Johnston City, Illinois to pick of a check from Phelps's father.

17.  Plaintiffs were stopped twice on that day by the Defendants named herein, and by others.

18.  At approximately 10:00 a.m., Wilkerson was driving the Plaintiffs' vehicle. She was stopped by Defendant Officers Jiminez and Roberts for the purported reason that she was following another vehicle too closely and for changing lanes without properly indicating the lane change with her turn signal.

19.  Wilkerson had committed neither violation, and the offered reasons for the stop was to detain Wilkerson and Phelps long enough so that a canine could be brought to the scene to sniff their vehicle from its outside.

20.  After being detained for approximately 40 minutes, Wilkerson was given two tickets, and the Plaintiffs thought that they were going to be permitted to resume their journey.

21.  Charges were filed against Wilkerson in this Court, case number 2024-TR-6297.

22.  On June 24, 2025, the charges were dismissed by the Prosecution.

23.  Prior to releasing the Plaintiffs, Plaintiffs allege, based upon information sufficient to form a belief, that the individual Defendants, all of them as named in this Complaint, agreed that Plaintiffs should be kept under surveillance, with the purpose and intent of pulling them over a second time with the further purpose of bringing a canine to the scene so that the canine could search their vehicle for illegal controlled substances.

24.  After being released, Phelps and Wilkerson parked their vehicle a commercial

4

establishment for the purpose of switching drivers. Phelps went to the bathroom, returned, and began driving their vehicle.

25. Neither Plaintiff knew that they were under surveillance by Defendant Thompson.

26. Phelps began driving the vehicle with the purpose of entering I-57 North, but before he could gain entry to the I-57 North, a minimum of 5 police vehicles surrounded the Plaintiffs' vehicle, including a vehicle operated by the canine unit.

27. A canine directed by Defendant Knight, walked around their vehicle twice, and the canine alerted to the passengers side door. The Plaintiffs were then forced by Defendant Thompson to exit their vehicle. The Plaintiffs were carrying more than $3800.00 in cash in the passenger's side door. Defendants then used this alert as a prextext to search the entire vehicle. They found the keys to the vehicle which they used to unlock the glove compartment to the vehicle wherein the Plaintiffs had stored an unloaded handgun that they had purchased in the State of Utah.

28. The purported reason for the stop, offered by Defendant Thompson, was that Phelps had ran a red light.

29. Phelps had not run a red light, and Thompson knew that he had not ran a red light.

30. The offered reason for the stop was a pretext to permit the Defendants to conduct and illegal search of the Plaintiffs' vehicle.

31. As a result of the illegal stop and illegal search, Plaintiffs were arrested, were required to spend three days in the Williamson County Jail, and they were charged with two felonies. 2024-CH-635, 2024-CF-636.

32. The charges were dismissed on March 5, 2025, with the Williamson County States

5

Attorney stating that the Phelps's and Wilkerson's Motion to Dismiss "had merit."

33.   Prior to dismissal of the charges against Wilkerson for traffic violations, Wilkerson asked for the dashboard video showing that she had followed too closely and had improperly used her turn signals, but the video was never produced in discovery.  Wilkerson knows that the video was operating as she was told by Defendant Thompson that the video was operating.

34.   Prior to dismissal of the case, Phelps and Wilkerson sought discovery of the dash board camera and body camera of all of the arresting officer who participated in the second stop. The prosecution was not able to locate the video evidence sought by the Phelps and Wilkerson.

**COUNT I**
**FALSE ARREST**
**42 U.S.C. § 1983**
**FILED AGAINST JIMINEZ AND ROBERTS**
**BY PLAINTIFF WILKERSON**
**(THE FIRST STOP)**

Now Comes the Plaintiff, Kaleigh Wilkerson, and for Count I of her Complaint against Defendants Jiminez and Roberts, she says:

35.   She incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 23 of the Complaint.

36.   At no time did either Defendant Alex Jiminez or Jairiah Roberts have probable cause to detain Wilkerson.

37.   While Wilkerson was being detained she lacked the freedom to leave and was therefore forced to remain under the Defendants' control.

38.   Defendants Jiminez and Roberts knew that Wilkerson had not committed any traffic violations,  and they falsely claimed that Wilkerson was following too close and had improperly

failed to use her turn signal for the purpose of attempting to secure a canine search of her vehicle.

39.   As a direct, proximate, and substantial result of the actions of these Defendants, Plaintiff-Wilkerson was illegally arrested.

40.   Said arrest was conducted in violation of the 14th Amendment to the United States Constitution.

41.   As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendants Jiminez and Roberts, as follows:

A)    Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

C)    Punitive damages as determined by this Court but in no event less than $75,000.00.

D)    For her reasonable attorney fees.

E)    For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

**COUNT II**
**FALSE ARREST**
**42 U.S.C. § 1983**
**FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS**
**BY PLAINTIFF WILKERSON**
**(THE SECOND STOP)**

Now Comes the Plaintiff, Kaleigh Wilkerson, and for Count II of her Complaint against,

Defendants Diederich, Thompson, Keltner, Jiminez, Roberts, Ferrell, Kelly and Knight, she says:

42.  She incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 34 of the Complaint.

43.  At no time did Defendant Diederick, Defendant Thompson, Defendant Keltner, Defendant Jiminez, Defendant Roberts, Ferrell, Kelly, or Defendant Knight, have probable cause to pull Wilkerson's vehicle over for any reason.

44.  At said time Wilkerson was arrested and detained in the Williamson County Jail for three days and two nights before her release.

45.  All of the defendants knew that Phelps had committed no traffic violations and knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of attempting to secure a canine search of the Plaintiffs' vehicle.

46.  As a direct, proximate, and substantial result of the actions of these Defendants, the Plaintiff-Wilkerson was illegally arrested.

47.  Said arrest was conducted in violation of the 14th Amendment to the United States Constitution.

48.  As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant Keltner, Defendant Pritchard,  Defendant Jiminez, Defendant Roberts, and Defendant Knight, as follows:

A)     Damages for emotional distress as determined by this Court but in no event less

8

than $100,000.00;

C)      Punitive damages as determined by this Court but in no event less than $250,000.00.

D)      For her reasonable attorney fees.

E)      For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

## COUNT III
## ILLEGAL SEARCH
## 42 U.S.C. § 1983
## FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
## BY PLAINTIFF WILKERSON
## (THE SECOND STOP)

Now Comes the Plaintiff, Kaleigh Wilkerson, and for Count III of his Complaint against, Defendants Diederich, Thompson, Keltner, Jiminez, Roberts, Ferrell, Kelly and Knight, she says:

49.   She incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 34 of the Complaint.

50.   At no time did Defendant Thompson, Defendant Keltner, Defendant Pritchard, Defendant Jiminez, Defendant Roberts or Defendant Knight, have probable cause to pull Wilkerson's vehicle over for any reason.

51.   At said time Wilkerson's vehicle was illegally searched in both the following ways:

A)      A canine was able to walk around the vehicle for the purpose of detecting illegal controlled substances;

B)      The glove compartment was searched and a handgun was found;

52.   As a result of the illegal search Wilkerson was arrested and detained in the

9

Williamson County Jail for three days and two nights before her release.

53.  All of the Defendants knew that Phelps had committed no traffic violations and knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of attempting to secure a canine search of the Plaintiffs' vehicle.

54.  As a direct, proximate, and substantial result of the actions of these Defendants, the Plaintiff-Wilkerson was illegally arrested.

55.  Said arrest was conducted in violation of the 14th Amendment to the United States Constitution.

56.  As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, as follows:

A)  Damages for emotional distress as determined by this Court but in no event less than $100,000.00;

C)  Punitive damages as determined by this Court but in no event less than $250,000.00.

D)  For her reasonable attorney fees.

E)  For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

## COUNT IV
## FALSE ARREST
## ILLINOIS COMMON LAW
## FILED AGAINST JIMINEZ AND ROBERTS
## BY PLAINTIFF WILKERSON
## (THE FIRST STOP)

Now Comes the Plaintiff, Kaleigh Wilkerson, and for Count IV of her Complaint against Defendants Jiminez and Roberts, she says:

57.  She incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 34 of the Complaint.

58.  At no time did either Defendant Alex Jiminez or Jairiah Roberts have reasonable grounds to believe that Wilkerson had committed any offense.

59.  While Wilkerson as being detained she lacked the freedom to leave and was therefore forced to remain under the Defendants' control.

60.  Defendants Jiminez and Roberts knew that Wilkerson had not committed any traffic violations, and they falsely claimed that Wilkerson was following too close and had improperly failed to use her turn signal for the purpose of attempting to secure a canine search of her vehicle.

61.  As a direct, proximate, and substantial result of the actions of these Defendants, Plaintiff-Wilkerson was illegally arrested.

62.  As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendants Jiminez and Roberts, as follows:

A)    Damages for emotional distress as determined by this Court but in no event less

than $25,000.00;

C)    Punitive damages as determined by this Court but in no event less than

$75,000.00.

D)    For her reasonable attorney fees.

E)    For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

## COUNT V
## FALSE ARREST
## ILLINOIS COMMON LAW
## FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
## BY PLAINTIFF WILKERSON
## (THE SECOND STOP)

Now Comes the Plaintiff, Kaleigh Wilkerson, and for Count V of her Complaint against,

Defendants Diederich, Thompson, Keltner, Jiminez, Roberts, Ferrell, Kelly and Knight, she says:

63.    She incorporates herein as if fully stated herein the allegations set forth in paragraph

1 through 34 of the Complaint.

64.    At no time did Defendant Thompson, Defendant Keltner, Defendant Pritchard,

Defendant Jiminez, Defendant Roberts or Defendant Knight, have reasonable grounds to believe

that Wilkerson had committed any crime.

65.    At said time Wilkerson was arrested and detained in the Williamson County Jail for

three days and two nights before her release.

66.    All of the defendants knew that Phelps had not committed any traffic violations and

knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of

12

attempting to secure a canine search of the Plaintiffs' vehicle.

67.  As a direct, proximate, and substantial result of the actions of these Defendants, the Plaintiff-Wilkerson was illegally arrested.

68.  As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight,, as follows:

A)    Damages for emotional distress as determined by this Court but in no event less than $100,000.00;

C)    Punitive damages as determined by this Court but in no event less than $250,000.00.

D)    For her reasonable attorney fees.

E)    For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

## COUNT VI
## FALSE ARREST
## 42 U.S.C. § 1983
## FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
## BY PLAINTIFF PHELLPS
## (THE SECOND STOP)

Now Comes the Plaintiff, Michael Phelps, and for Count VI of his Complaint against Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant

13

Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, he says:

69.  He incorporates herein as if fully stated herein the allegations set forth in paragraph
1 through 34 of the Complaint.

70.  At no time did Defendant Thompson, Defendant Keltner, Defendant Diederich,
Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, or Defendant
Knight, have probable cause to pull Phelp's vehicle over for any reason.

71.  At said time Phelps was arrested and detained in the Williamson County Jail for two
days and nights before his release.

72.  All of the Defendants knew that Phelps had committed no traffic violations and
knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of
attempting to secure a canine search of the Plaintiffs' vehicle.

73.  As a direct, proximate, and substantial result of the actions of these Defendants,
Plaintiff-Phelps was illegally arrested.

74.  Said arrest was conducted in violation of the 14th Amendment to the United States
Constitution.

75.  As a further direct, proximate, and substantial result of the Defendants' actions,
Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment,
and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant
Keltner, Defendant Diederich,  Defendant Jiminez, Defendant Roberts, Defendant Ferrell,
Defendant Kelly, and Defendant Knight, as follows:

A)      Damages for emotional distress as determined by this Court but in no event less

14

than $50,000.00;

C)      Punitive damages as determined by this Court but in no event less than

$150,000.00.

D)      For his reasonable attorney fees.

E)      For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

**COUNT VII**
**ILLEGAL SEARCH**
**42 U.S.C. § 1983**
**FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS**
**BY PLAINTIFF PHELPS**
**(THE SECOND STOP)**

Now Comes the Plaintiff, Michael Phelps, and for Count VII of his Complaint against

Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant

Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, he says:

76.   He incorporates herein as if fully stated herein the allegations set forth in paragraph

1 through 34 of the Complaint.

77.   At no time did Defendant Thompson, Defendant Keltner, Defendant Diederich,

Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, or Defendant Knight

have probable cause to pull Phelp's vehicle over for any reason.

78.   At said time Wilkerson's vehicle was illegally searched in both the following ways:

A)      A canine was able to walk around the vehicle for the purpose of detecting illegal

controlled substances;

B)      The glove compartment was searched and a handgun was found;

79.    As a result of the illegal search Wilkerson was arrested and detained in the Williamson County Jail for two days and nights before her release.

80.    All of the Defendants knew that Phelps had committed no traffic violations and knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of attempting to secure a canine search of the Plaintiffs' vehicle.

81.    As a direct, proximate, and substantial result of the actions of these Defendants, the Plaintiff-Phelps was illegally arrested.

82.    Said arrest was conducted in violation of the 14th Amendment to the United States Constitution.

83.    As a further direct, proximate, and substantial result of the Defendants' actions, Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, as follows:

A)    Damages for emotional distress as determined by this Court but in no event less than $50,000.00;

C)    Punitive damages as determined by this Court but in no event less than $150,000.00.

D)    For his reasonable attorney fees.

E)    For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

16

## COUNT VIII
## FALSE ARREST
## ILLINOIS COMMON LAW
## FILED AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
## BY PLAINTIFF PHELPS
## (THE SECOND STOP)

Now Comes the Plaintiff, Michael Phelps, and for Count VIII of his Complaint against

Defendant Thompson, Defendant Keltner, Defendant Diederich,  Defendant Jiminez, Defendant

Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, he says:

84.    He incorporates herein as if fully stated herein the allegations set forth in paragraph

1 through 34 of the Complaint.

85.    At no time did Defendant Thompson, Defendant Keltner, Defendant Pritchard,

Defendant Jiminez, Defendant Roberts or Defendant Knight, have reasonable grounds to believe

that Phelps had committed any crime.

86.    At said time Phelps was arrested and detained in the Williamson County Jail for two

days and nights before her release.

87.    All of the defendants knew that Phelps had not committed any traffic violations and

knew that Thompson was falsely claiming that Phelps had run a red light for the purpose of

attempting to secure a canine search of the Plaintiffs' vehicle.

88.    As a direct, proximate, and substantial result of the actions of these Defendants,

Plaintiff-Phelps was illegally arrested.

89.    As a further direct, proximate, and substantial result of the Defendants' actions,

Plaintiff suffered mental and emotional distress, anxiety, anguish, incarceration, embarrassment,

and humiliation.

17

WHEREFORE, Plaintiff prays for damages against Defendant Thompson, Defendant Keltner, Defendant Diederich, Defendant Jiminez, Defendant Roberts, Defendant Ferrell, Defendant Kelly, and Defendant Knight, as follows:

A)     Damages for emotional distress as determined by this Court but in no event less than $50,000.00;

C)     Punitive damages as determined by this Court but in no event less than $150,000.00.

D)     For his reasonable attorney fees.

E)     For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

## COUNT IX: VIOLATION OF 42 U.S.C. § 1983
## CITY OF MARION, ILLINOIS
## MONELL

90. Plaintiffs repeat and reallege Paragraphs 1-34 here.

91. The Marion City Police Officers, as alleged above, were taken pursuant to one or more interrelated de facto policies, practices and/or customs of civil rights violations and unconstitutional practices of the Marion City Police Department.

92. The City of Marion, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, under 42 U.S.C. § 1983.

93. Upon information and belief, the Defendants have failed to effectively investigate or impose any discipline on any of the Defendants for their illegal behavior despite the fact that the Williamson County States Attorney found that the Plaintiffs' Motion to Dismiss

18

the criminal complaints "had merit."

94. At all times material to this Complaint, the City of Marion Police Department had interrelated de facto policies, practices, and customs which included, inter alia:

a. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Marion police officers who engage in illegal arrests and searches;

b. the police code of silence;

c. the failure to properly discipline, supervise, monitor, counsel and otherwise control Marion law enforcement employees who engage in illegal traffic stops for the purpose of conducting canine vehicle searches ;

95. The aforementioned de facto policies, practices, and customs of the Marion Police Department include a pattern of acts of excessive use of force and other willful, wanton, and/or reckless behavior leading to harmful consequences.

96. The Marion Police Department has engaged in little to no meaningful disciplinary action in response to this pattern of misconduct, thereby creating a culture or climate that members of the department can escape accountability with impunity.

97. This pattern is the moving force behind the conduct of the Defendant police officers conducting illegal traffic stops, illegal searches, and illegal arrests, which was not an isolated incident of unconstitutional policing within the City of Marion.

98. The policies, practices and/or customs alleged in this Complaint, separately and together, are the proximate cause of the injuries to the Plaintiffs because the Defendant officers were not  properly trained, had good reason to believe that their misconduct would not be

revealed or reported by fellow officers or their supervisors, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

99.  But for the belief that he would be protected, the Defendant police officers would not have engaged in the conduct that resulted in the injuries to Plaintiffs.

100. The interrelated policies, practices, and customs, as alleged in this Complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant police officers to commit the acts alleged in this Complaint against Plaintiffs, and therefore acted as the moving forces behind and the direct and proximate causes of the injuries to the Plaintiffs.

WHEREFORE, Plaintiffs demand that judgment be entered against the City of Marion, Illinois in their favor as to this Count and request the following relief:

A. Compensatory and punitive damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action; and

C. Such other and further relief as may be just and proper.

Plaintiffs demand a jury trial.

## COUNT X: VIOLATION OF 42 U.S.C. § 1983
## WILLIAMSON COUNTY, ILLINOIS
## MONELL

101.  Plaintiffs repeat and reallege Paragraphs 1-34 fully here.

102.  The Williamson County law enforcement officers, Knight, Kelly, and Ferrell, where acting under the direction and control of the Sheriff of Williamson County, Defendant Diederich.

103.   As Sheriff, Defendant Diederich, his actions "'may fairly be said to represent official policy" of the Williamson County Sheriff's Department. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

104.   By his actions, Defendant Diederich, authorized, and acquiesced in the unlawful and unconstitutional conduct of the Williamson County Officers and the Marion City Police Officers and consequently is directly liable for the acts of those agents, under 42 U.S.C. § 1983.

105.   As a result of Defendant Diederich's actions, Williamson County, Illinois, is  liable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor against Williamson County, Illinois as to this Count and request the following relief:

A. Compensatory and punitive damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action; and

C. Such other and further relief as may be just and proper.

Plaintiffs demand a jury trial.

**COUNT XI**
**CONVERSION**
**CITY OF MARION**

Now Comes the Plaintiff, Michael Phelps, and for Count XI of his Complaint against The City Marion, he says:

106.   He incorporates herein as if fully stated herein Paragraphs 1 through 34 of this Complaint.

107.   Pursuant to the illegal search of the Plaintiffs' vehicle the City of Marion Police Officers seized the following personal property belonging to Phelps: A) Laptop; B) I-Phone; and Apple Watch.

108.   Phelps, through his attorney has demanded return of the seized property after the charges against Phelps were dismissed, but the Marion Police Department has refused to do so.

109.   Phelps, through his attorney, even served a court order issued by this Court order that the items be returned.  (Ex. A)

110.   The City of Marion Police Department has, and continues to, exercise dominion and control of the items.

111.   To this day the items have not been returned.

WHEREFORE, Plaintiff-Phelps prays for entry of judgment against the City of Marion, Illinois,  as follows:

A)      Return of the items, or that a judgment be ordered in the amount of their value to
        be determined by this Court;

B)      Costs of suit;

C)      For such other relief as this Court deems to be just.

Phelps demands a jury trial.

Date: July 9, 2025

S/ Darrell Dunham
Darrell Dunham
Darrell Dunham & Associates
Attorneys at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805

## AFFIDAVIT

STATE OF ILLINOIS          )
                           )          SS
COUNTY OF JACKSON          )

Now Comes Darrell Dunham and on oath says that in his opinion the damages in this case exceed $50,000.00.

_____
Darrell Dunham

Subscribed and sworn to before me _Darrell Dunham_, a notary public in the State of Illinois.

Dated: _7/9/2025_          _____
                           Notary Public

My Commission Expires:

OFFICIAL SEAL
NAVREET S KANG
Notary Public, State of Illinois
Commission No. 325857
My Commission Expires September 14, 2027

23

IN THE COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

      Plaintiff,

vs.                  2024-CF-635

MICHAEL PHELPS,

      Defendant.

**FILED**

MAR 1 1 2025

WILLIAMSON COUNTY
CLERK OF THE CIRCUIT COURT

**ORDER**

    The charges against the Defendant in this case have been dismissed and the file has been closed. On the Defendant's Oral Motion, and the People having no objection thereto, the Marion City Police Department is hereby ordered to surrender to the Defendant's, Attorney, Darrell Dunham, all evidence seized by the Marion City Police pursuant to a search of the Defendant's vehicle that is presently being held by the Marion City Police Department.

Dated: _3/10/25_____

Enter: _____
        Judge

Ex. A